UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 16-24736-CIV-MORENO

LUIS RAUL LUGO CONCEPCION,

Plaintiff,

v.

LINARDI CONSTRUCTION SERVICES, INC., H&D DESIGN, CORP., GABRIEL M. RINALDI, and DANIEL PEREZ,

Defendants.

**DEFENDANTS, LINARDI CONSTRUCTION SERVICES, INC.'S, H&D DESIGN CORP.'s AND GABRIEL M. RINALDI'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants LINARDI CONSTRUCTION SERVICES, INC., H&D DESIGN CORP., and GABRIEL LINARDI ("Defendants"), by and through their undersigned counsel, hereby respond to the specifically numbered paragraphs of the Complaint of Plaintiff, LUIS RAUL LUGO CONCEPCION ("Plaintiff"), as follows:

1. Defendants admit that Plaintiff has filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendants deny that Plaintiff or any similarly situated individuals are entitled to any relief or damages under the FLSA.

2. Defendants are without knowledge or information sufficient to form a belief regarding Plaintiff's residency and, therefore, deny those allegations.

3. Defendants admit that Defendant, LINARDI CONSTRUCTION SERVICES, INC. ("Linardi Construction"), conducts business in Miami-Dade County. Defendants deny all remaining allegations contained in Paragraph 3 of the Complaint.

4. The Defendants admit that Defendant, H&D DESIGN, CORP. ("H&D") transacted business in Miami-Dade from 2003 until March, 2015. Defendants deny all remaining allegations contained in Paragraph 3 of the Complaint.

5. Denied.

6. Defendants admit that GABRIEL LINARDI ("Linardi") is a corporate officer of Linardi Construction. Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7. Denied.

8. Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Complaint, as they call for a legal conclusion to which no response is required.

9. Defendants admit that Plaintiff has filed this action as a collective action, purportedly on behalf of himself and other similarly situated individuals under the FLSA. Defendants deny the existence of any similarly situated individuals, or that Plaintiff or any purportedly similarly situated individuals are entitled to any relief or damages under the FLSA.

10. Defendants neither admit nor deny the allegations contained in Paragraph 10 of the Complaint, as they call for a legal conclusion to which no response is required.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. 29 U.S.C. § 207, et seq. speaks for itself. Defendants admit that Plaintiff purports to seek the relief set forth in Paragraph 15 of the Complaint, however, Defendants deny that Plaintiff or any purported similarly situated individual is entitled to such relief.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted as to Linardi Construction only.

21. Denied.

22. Denied.

23. Denied.

The allegations in the unnumbered "WHEREFORE" clause are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff was never an employee of the Defendants, but rather an independent contractor.

2. Plaintiff did not begin doing work for Linardi Construction Defendants until July 12, 2016.

3. Plaintiff never worked for H&D as an independent contractor or as an employee.

4. Defendants assert that they acted, or omitted to act, in good faith and that they had reasonable grounds for believing that their actions were not violative of the FLSA. Thus, pursuant to 29 U.S.C. § 260, even if Plaintiff is found to be entitled to overtime against the Defendants, liquidated damages should not be awarded for any alleged violations.

5. Plaintiff's FLSA Complaint is frivolous because Plaintiff has alleged that he worked for the Defendants since 2008. This claim is frivolous for two reasons: the Plaintiff never worked for H&D and Plaintiff worked for Linardi Construction, as an independent contractor,

beginning on July 12, 2016. Defendants will seek sanctions against Plaintiff and his lawyers for litigating this action in bad faith.

6. Plaintiff's active litigation of this FLSA Complaint is frivolous and vexatious because Plaintiff (a) has elected to voluntarily dismiss this lawsuit; (b) has admitted that he filed this action for no apparent reason; (c) and has admitted that he has been paid for all hours worked. Defendants will seek sanctions against Plaintiff and his lawyers if this matter is not voluntarily dismissed.

7. Defendants did not willfully deprive any person of any wages to which they may be entitled.

8. Defendants assert that Plaintiff's claims, if any, are governed by a two-year statute of limitations under 29 U.S.C. § 255(a) because Defendants' conduct was not willful.

9. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

10. Any claim for overtime compensation must be offset by any compensation paid to Plaintiff, at his regular rate or otherwise, bonuses, for meal breaks, other breaks, vacation and holidays, as well as for hours worked in excess of 40 hours each workweek, if any.

11. Plaintiff was responsible for recording and reporting his own work hours. Plaintiff's claims under the FLSA are barred by the doctrine of estoppel, waiver, and/or unclean hands to the extent that Plaintiff seeks compensation for hours of work which contradict his prior representations regarding the hours he worked made during his employment.

12. Any work performed by Plaintiff was completely voluntary in nature and without Defendants' knowledge or authorization, was not required by Defendants as a term or condition

of Plaintiff's continued employment, and does not constitute compensable working time under the FLSA.

13. Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges he has not been compensated involves only insubstantial or insignificant periods of time, these period of time are "de minimis" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

14. Defendants seek a good-faith extension of the law, such that Plaintiff's claims are barred, in whole or in part, based on the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), that Defendants exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise. Defendants acted, and continue to act, in conformity with and in reliance upon the FLSA and any and all other applicable law(s), rule(s) and/or regulation(s). Based upon Plaintiff's job duties, classification, and work performed, Plaintiff received proper compensation from Defendants during his employment.

15. Defendants reserve their right to assert that the claims of a yet unnamed member of the collective action (assuming this matter proceeds as a collective action, which it should not) are barred, in whole or in part, by the relevant statute(s) of limitations.

16. Plaintiff's claim against Defendants is barred, in whole or in part, to the extent he seeks to recover monies for periods before July 12, 2016, as Defendants were not his employers under the FLSA.

17. For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

18. Plaintiff is not entitled to maintain this lawsuit as a collective action to the extent that discovery reveals he is not an adequate representative of those individuals he purports to represent.

19. Plaintiff is not entitled to maintain this lawsuit as a collective action. Plaintiff cannot satisfy the numerosity, commonality, typicality, and/or the adequate representative standards and/or requirements necessary for this case to proceed as an opt-in class or collective action.

20. Plaintiff may not be entitled to any recovery because any alleged acts or omissions may have been made by Defendants in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers to which Defendants belong.

21. Plaintiff's claims are barred to the extent that he did not work more than forty (40) hours in one workweek.

22. Plaintiff is not entitled to damages for hours not actually worked during any workweek.

23. Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to their principal activities.

24. Assuming, arguendo, that Plaintiff is deemed to be entitled to overtime compensation, he would be entitled to only half his regular rate for all hours worked over forty during any workweek, because he was paid his regular rate for all hours worked, including any hours worked over forty during any workweek.

25. To the extent LINARDI CONSTRUCTION and H&D are found not to be liable, GABRIEL M. RINALDI is also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the company Defendant. *See, e.g.*, *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

**JURY DEMAND**

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted,

**s/R. Martin Saenz**
R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Defendants, Linardi Construction, Gabriel Linardi and H&D*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **s/ R. Martin Saenz**

## SERVICE LIST

**LUIS RAUL LUGO CONCEPCION v. LINARDI CONSTRUCTION SERVICES, INC.**
Case No.16-24736-CIV-MORENO
**United States District Court, Southern District of Florida**


**R. Martin Saenz**
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Defendants, Linardi Construction, Gabriel Linardi and H&D*

**K. David Kelly, Esq.**
Email: david.kelly38@rocketmail.com
**Rivkah Fay Jaff, Esq.**
Email: Rivkah.Jaff@gmail.com
**Jamie H. Zidell, Esq.**
Email: ZABOGADO@AOL.COM
J.H. Zidell, PA
300 71st Street, Ste. 605
Miami Beach, FL 33141
305-865-6766
*Attorneys for Plaintiff*